**IN THE COUNTY COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION**

WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET ICU, a Florida corporation,

Case No.:
Division:

Plaintiff,

vs.

WORLDWIDE INSURANCE SERVICES, LLC, d/b/a GEOBLUE;
BLUE CROSS AND BLUE SHIELD OF ALABAMA, a corporation,

Defendants.

_______________________________/

**COMPLAINT FOR (1) THEFT OF SERVICES, (2) QUANTUM MERUIT, AND (3) CONSPIRACY**

**General Facts and Background**

WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET ICU, a Florida corporation ("JET ICU"), hereby complains against Defendants WORLDWIDE INSURANCE SERVICES, LLC, d/b/a GEOBLUE ("GEOBLUE"), and BLUE CROSS AND BLUE SHIELD OF ALABAMA, a corporation, ("BCBS OF AL") as follows:

1. Plaintiff WORLDWIDE AIRCRAFT SERVICES, INC. was at all times mentioned herein, and now is, a Florida corporation with its principal place of business in Hillsborough County, Florida. Accordingly, venue is proper in this judicial circuit. Said Plaintiff does business as "JET ICU" and will be referred to hereinafter as "JET ICU."

2. JET ICU was at all times mentioned herein, and now is, a health care provider licensed by the State of Florida to provide air ambulance services. JET ICU provides air transport, via fixed-wing jet aircraft that are crewed by trained Advanced Life Support medical personnel, for critically ill and injured patients to medical facilities able to treat their conditions. JET ICU must purchase or lease, periodically inspect, and repair their aircraft in accordance with federal law; maintain a qualified flight crew, medical staff and technicians; and incur other associated costs to meet the demands of emergency services. JET ICU's operations as a provider of medical air transport services subject it to state and federal laws and regulations that impose additional costs, expenses, and fees. Additionally, JET ICU frequently provides or procures ancillary ambulance services such as ground ambulance(s) and water ambulance(s) to support its mission and services as needed.

3. Defendant GEOBLUE, (hereafter "GEOBLUE"), was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members, or is the agent or co-venturer or affiliate of Defendant BLUE CROSS AND BLUE SHIELD OF ALABAMA, INC. GEOBLUE is a business operating in multiple jurisdictions including Hillsborough County and is therefore subject to this Court's jurisdiction. GEOBLUE is registered with the Florida Secretary of State as Worldwide Insurance Services, LLC, d/b/a GeoBlue.

4. Defendant BLUE CROSS AND BLUE SHIELD OF ALABAMA, (hereafter "BCBS OF AL") was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members under. BCBS OF AL is an Alabama corporation with its principal place of business in Birmingham, Alabama. Plaintiff is uniformed at this time of the exact contractual or legal relationship between GEOBLUE and BCBS OF AL

but alleges that the defendants are jointly responsible for claims processing and payment of providers such as Plaintiff and therefore jointly carryout the functions and work of a health insurer /health plan. Hereafter shall be collectively referred to as "PLAN" or "HEALTH PLAN"

5. As of September 6, 2022, PLAN'S member/insured/beneficiary with initials S.L. (hereafter "Patient" or "S.L.") was a participant or member in the HEALTH PLAN and was eligible for benefits thereunder.[1]

6. On or about September 6, 2022, Patient was afflicted with an emergency condition as defined by federal law, namely, that Patient reasonably believed Patient was in imminent risk of life or limb.

7. As a result of Patient's condition, Patient required, at the request of Patient's then-treating physician, immediate air medical transportation to transport for appropriate, necessary, and urgent treatment.

8. In accordance with industry standards and good professional practice, Patient was transported in multiple stages. First, Patient was transported via Advanced Life Support ground ambulance from the ship's infirmary in Montego Bay, Jamaica to the awaiting jet aircraft. Patient was then flown back to the U.S. Finally, upon arrival in Tampa, Florida, the Patient was once again transported via ALS ground ambulance from the aircraft to the receiving facility for emergency treatment. The instant Complaint concerns JET ICU's claim for the ground ambulance transports, with the total amount billed for this claim of $17,668.00.

9. HEALTH PLAN has made a partial payment on this claim.

---

[1] Pursuant to the privacy provisions of the federal Health Insurance Portability & Accountability Act ("HIPPA"), JET ICU has limited its disclosure of the identity of S.L., the plan participant and patient.

10. Plaintiff is informed and believes and based thereon alleges that the PLAN or its agent(s) knew, or reasonably should have known about the need to transport Patient, and that such air and ground ambulance care was covered by the Patient's insurance plan/contract.

11. At the time services were provided, JET ICU did not have a pre-negotiated contract with the HEALTH PLAN or its agent(s) and was not part of the HEALTH PLAN's provider network.

12. Plaintiff is informed and believes, and based thereon alleges that the HEALTH PLAN and its agent(s) knew or should have known that JET ICU did not have a pre-negotiated contract with the HEALTH PLAN or its agent(s) and was not part of the HEALTH PLAN's provider network, and that JET ICU would charge its usual and customary rate for services rendered to Patient.

13. JET ICU billed defendants and/or their agent(s) for services rendered, by submitting to PLAN a Health Insurance Claim Form (Form 1500) and other documents necessary to process JET ICU's request for payment from defendants and/or their agent(s). The amount billed represented JET ICU's own usual and customary rate and constitutes the reasonable and customary value of the services provided.

14. All conditions precedent to this action have been performed, waived, or otherwise satisfied.

**COUNT ONE**

**(THEFT OF SERVICES, FL Stat., ch. 772.11 by JET ICU against All Defendants)**

15. JET ICU incorporates the preceding paragraphs by this reference as though fully set forth herein.

16.Thirty days ago or more, Plaintiff sent written pre-suit notice to Defendants pursuant to FL Statutes, Ch. 772.11(1). A copy of Plaintiff's pre-suit notice is attached hereto as EXHIBIT A and incorporated by this reference. Defendant did not accept Plaintiff's demand in whole or in part.

17. As alleged herein, JET ICU rendered air and ground ambulance services to Patient for transport from Montego Bay, Jamaica to Tampa, Florida, and Patient was insured at time of services by PLAN.

18. PLAN had a duty under contract and/or law to provide, arrange for, and/or cover and insure Patient for emergency services including air and ground ambulance services. PLAN knew, or reasonably should have known, that JET ICU was rendering services to Patient, which PLAN was obligated to cover or insure.

19. Plaintiff submitted a claim for reimbursement to PLAN, for which PLAN denied payment in full to Plaintiff for the ground ambulance transport from Montego Bay, Jamaica to the aircraft, and from the aircraft to the receiving facility in Tampa, Florida. As of the date Plaintiff submitted its claim, PLAN had actual knowledge that the services had been rendered to its insured, Patient, to PLAN's benefit.

20. PLAN failed to pay JET ICU the reasonable value of its services rendered to Patient.

21. In failing to pay JET ICU for services rendered to Patient, PLAN acted with the intent, to convert and obtain JET ICU's services without paying for them in full. PLAN's intent to steal the value of Plaintiff's air and ground ambulance services is demonstrated by, *inter alia*, the fact that PLAN paid the air transport in full and made a small partial payment on one of the ground transports.

22. The PLAN's duty to not steal the value of JET ICU'S services arises from Florida law and the duty to not commit theft.

23. Plaintiff's charges for the reasonable and customary value of its services in providing ground ambulance transport from Montego Bay, Jamaica to the awaiting aircraft and from the awaiting aircraft to the receiving facility in Tampa, Florida, were $17,668.00. PLAN received the value of these services provided to Patient. This amount constitutes the reasonable and customary value of the services provided. PLAN has and continues to refuse to pay for the reasonable value of these services.

24. Wherefore, JET ICU prays for damages for the amount of its services rendered to PLAN, in an amount to be proved at trial.

25. Wherefore JET ICU prays for treble damages pursuant to Section 772.11.

**COUNT TWO**
**(QUANTUM MERUIT)**

26. JET ICU incorporates herein by this reference the preceding paragraphs as though fully set forth herein.

27. As alleged herein, JET ICU, in good faith, rendered emergency healthcare services, ground and air transport, as defined under federal and/or state law, to Patient. Patient was reasonably at risk of life or limb.

28. PLAN had an obligation under contract and/or state/federal law to provide emergency care including, but not limited to air and ground ambulance services.

29. JET ICU provided services to Patient pursuant to Patient's physician or healthcare provider's direction that such services were medically necessary and emergent.

30. PLAN was aware, or reasonably should have been aware, that Patient required emergent ground and air ambulance transport. PLAN was likewise aware, or reasonably should have been aware, that JET ICU was the air ambulance provider chosen by Patient and/or Patient's then-treating physician/provider.

31. JET ICU did, in fact, render emergency air and ground ambulance transport services to Patient. JET ICU billed PLAN the amount of $17,668.00 for both ground portions of the transport. JET ICU's billed charges are its usual and customary charges for its services. JET ICU's billed charges are the reasonable, customary, and fair market value of the services provided.

32. PLAN is obligated to provide Patient emergency care coverage including but not limited to air and ground ambulance services. PLAN, therefore, received a significant economic benefit from JET ICU's rendition of services to Patient.

33. PLAN failed to reimburse JET ICU for the reasonable and customary value of JET ICU's services.

34. Wherefore, Plaintiff prays for judgment in its favor against PLAN in an amount to be proved at trial and equal to the reasonable and customary value of JET ICU's services rendered.

**COUNT 3**
**(CONSPIRACY)**

35. JET ICU incorporates herein by this reference the preceding paragraphs as though fully set forth herein.

36. GEOBLUE and BCBS OF AL entered into an agreement whereby GEOBLUE would perform some of the legal duties of an insurer for BCBS OF AL including but not limited to claims administration and payment of claims.

37. GEOBLUE and BCBS OF AL agreed to process claims by providers including JET ICU, in a manner which permitted the Defendants to steal the reasonable value of the services provided by providers including JET ICU, namely, Defendants entered into an agreement to commit theft of services from Jet ICU and other providers.

38. Defendants made this agreement with the intent to commit theft of services from JET ICU and other providers.

39. Defendants' agreement was an agreement to commit an unlawful act, specifically theft, as alleged herein, or to do a lawful act – claims payment- in an unlawful manner.

40. As a result of the Defendant's agreement, Defendants took the overt acts in furtherance of the conspiracy of: converting the value of JET ICU's services to their own benefit; sharing in some way the monies earned from their unlawful acts between each Defendants.

41. As a direct and proximate result of Defendants' agreement to steal the services of JET ICU, JET ICU was damaged in the amount of the reasonable value of its services, in an amount to be proved at trial.

42. Plaintiff requests treble damages against each Defendant pursuant to Fla Statutes, Section 772.11.

43. Wherefore JET ICU requests its damages against GEOBLUE and BCBS OF AL jointly and severally.

**WHEREFORE**, Plaintiff JET ICU respectfully prays for judgment against PLAN for:

1. Reasonable value of services rendered;
2. Disgorgement of the reasonable value of services rendered and all ill-gotten gain;

3. For damages, to the extent permitted by state or federal law at time of trial;
4. For treble damages on COUNTS ONE and THREE only, to the extent permitted by state law at time of trial.
5. For attorney's fees and costs to the extent permitted by Section 772.11 or state or federal law at time of trial;
6. For other such relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial for all causes of action so triable.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the Defendant, WORLDWIDE INSURANCE SERVICES, LLC, d/b/a GEOBLUE's Registered Agent *Corporation Service Company*, 1201 Hays Street, Tallahassee, Florida 32301, Defendant BLUE CROSS AND BLUE SHIELD OF ALABAMA's, Registered Agent *Michael L Patterson,* 450 Riverchase Pkwy E, Birmingham, Alabama 35244, on July 24th, 2024

Michael Brannigan
The Law Office of Michael Brannigan P.A.
Florida Bar No. 0075256
1511 N. Westshore Blvd Ste 650,
Tampa, FL 33607
Brannigan35@yahoo.com
legal@jeticu.com
(352) 796-2540
(352) 796-2549 (fax)
*Attorney for Plaintiff*



The Law Office of Michael Brannigan P.A.
1511 North Westshore Blvd., Suite 650, Tampa, Florida 33607
Office: 352-796-2540•Fax: 352-608-9700

January 31, 2024

Worldwide Insurance Services, LLC d/b/a GeoBlue
Attn: Legal Dept.
933 First Avenue
King of Prussia, PA 19406

**Re: Theft of Services – Florida Statutes, Ch. 772.11(1) Pre-suit Demand for Treble Damages**

To Whom It May Concern:

On September 6th, 2023, Worldwide Aircraft Services, Inc., d/b/a Jet ICU, provided emergency care services to your insured [redacted] This was for emergency air and ground ambulance transportation.

The transport of this patient consisted of three stages. First, the patient was transported via ALS ground ambulance from the discharging facility to the awaiting jet aircraft. Next, the patient was flown back to the U.S. Finally, upon arrival in Tampa, Florida, the patient was transported, once again, via ALS ground ambulance for emergency admission into [redacted] for the necessary higher level of care and treatment.

Under contract, state and/or federal law, as the patient's health plan, you were obligated to cover and/or provide or arrange for the patient's emergency care services including ground and air ambulance services. Jet ICU provided those critical and necessary services to your insured in her time of need, with your actual and/or constructive knowledge and to your benefit. This is demonstrated by GeoBlue's full payment of the air ambulance portions of the claim. To date, you have retained the value of Jet ICU's ground ambulance services without reimbursing Jet ICU for the reasonable value of its services.

Jet ICU filed a claim as a non-contracted provider for the reasonable value of its services. The ground ambulance portions of the claim totaled $17,668.00. Per the GeoBlue EOB dated February 17, 2023, under claim number [redacted] GeoBlue has only made a small partial payment for the grounds portion of the claim in the amount of $1,119.24.

The above facts demonstrate the theft of Jet ICU's services under Florida law. See, FL. Stat. §§772.11, 812.012-812.037. GeoBlue accepted the benefit of our services to your insured, without any intention to properly reimburse Jet ICU for its work. Simply put, GeoBlue stole services from Jet ICU.

EXHIBIT A



The Law Office of Michael Brannigan P.A.
1511 North Westshore Blvd., Suite 650, Tampa, Florida 33607
Office: 352-796-2540•Fax: 352-608-9700

**Pursuant to §772.11(1), demand is hereby made for the sum of $49,646.28 (the value of service multiplied by statutory treble damages).** Your failure to comply with this demand within 30 days may result in the filing of a lawsuit seeking this amount as damages together with attorney's fees and costs.

Kind Regards,

Michael Brannigan
Attorney for Jet ICU
MichaelBrannigan@JetICU.com