## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

WORLDWIDE AIRCRAFT
SERVICES, INC. d/b/a JET ICU,

      Plaintiff,

v.                                                            Case No. 8:24-cv-2056-TPB-LSG

WORLDWIDE INSURANCE
SERVICES, LLC d/b/a GEOBLUE and
BLUE CROSS BLUE SHIELD OF
ALABAMA,

      Defendants.

_____/

## ORDER REMANDING CASE

This matter is before the Court *sua sponte*.  After reviewing the notice of removal, complaint, court file, and the record, the Court finds as follows:

### Background

Plaintiff Worldwide Aircraft Services, Inc. d/b/a Jet ICU ("Jet ICU") is an air ambulance provider that uses fixed-wing jet aircraft to transport critically ill and injured patients to medical facilities.  Defendant Worldwide Insurance Services, LLC d/b/a GeoBlue ("GeoBlue") is an independent licensee of the Blue Cross Blue Shield Association that offers travel health insurance.  Defendant Blue Cross Blue Shield of Alabama ("BCBS of Alabama") is an insurance provider that provides health benefits to eligible members.

Jet ICU alleges that it provided emergency air and ground transport from Montego Bay, Jamaica, to Tampa, Florida, for an individual believed to be in

imminent risk of life or limb on September 6, 2022.  The injured individual was an insured beneficiary under a health insurance policy provided by GeoBlue and/or BCBS of Alabama.[1]  Following the transport, Jet ICU sought reimbursement from GeoBlue and BCBS of Alabama.  GeoBlue paid in full for the air transportation portion of the claim but only paid a small part of the ground transportation portion.  Consequently, Jet ICU asserts that it is entitled to a remaining balance of $17,668.00 from GeoBlue and/or BCBS of Alabama.

On July 24, 2024, Jet ICU filed a lawsuit in the Circuit Court of the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida, asserting three claims under state law: (1) civil theft under § 772.11, *F.S.*; (2) quantum meruit; and (3) civil conspiracy.  On August 28, 2024, BCBS of Alabama, with the consent of GeoBlue, removed the action to this Court, asserting federal question jurisdiction.  Specifically, BCBS of Alabama contends that Jet ICU's state law claims are completely preempted by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA").

### Legal Standard

Federal courts, as courts of limited jurisdiction, have an obligation to inquire into their subject matter jurisdiction.  *See, e.g., Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Indeed, it is well settled that a federal court is

---

[1] Jet ICU concedes that it is unaware of the exact contractual or legal relationship between GeoBlue and BCBS of Alabama but alleges that they are jointly responsible for processing claims for providers like Jet ICU.

obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal.  *Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 108 (1941).  Any doubt as to propriety of removal should be resolved in favor of remand.  *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

## <u>Analysis</u>

In this case, the Court's subject matter jurisdiction is predicated solely on federal question jurisdiction – the notice of removal states that Jet ICU's claims entirely arise under ERISA.  Although a motion to remand has not been filed, the Court must satisfy itself that it may exercise jurisdiction.  *See Worldwide Aircraft Servs. Inc. v. Worldwide Ins. Servs., LLC*, No. 8:24-cv-2020, 2024 WL 4492230, at *2 (M.D. Fla. Oct. 15, 2024) (Jung, J.) ("Whenever subject matter jurisdiction is in doubt, the Court has an affirmative obligation to review jurisdiction *sua sponte* prior to moving forward with a case.") (citing *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007)).

In its complaint, Jet ICU does not allege that it was completely denied payment for its services, only that it has not yet been fully compensated for the ground transportation it provided.  As a result, its claims essentially amount to a "rate of payment" challenge.  *See id.* at *4 n.3 ("District courts in this jurisdiction agree that a plaintiff makes a 'rate of payment' claim when the insurance company only partially pays or underpays a healthcare provider for services rendered.").

Courts in this district have held that rate of payment disputes fall outside the scope of ERISA § 502(a) and are therefore not completely preempted by ERISA. *See id.* at *5 (*sua sponte* remanding case because rate of payment challenge fell outside scope of ERISA); *Sarasota Cty. Pub. Hosp. Dist. v. Cigna Healthcare of Fla., Inc.*, No. 8:23-cv-263-KKM-TGW, 2023 WL 2867064, at *3 (M.D. Fla. Apr. 10, 2023) (Mizelle, J.) (remanding case because rate of payment challenge fell outside scope of ERISA). The Court finds the well-reasoned and thoughtful analysis presented in these cases persuasive and concludes that ERISA does not completely preempt Jet ICU's state law claims in this case. Consequently, the Court lacks subject matter jurisdiction, and this case must be remanded.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. This action is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, due to lack of subject matter jurisdiction.

2. Once remand is effected, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of November, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE